UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CARINDA RAFTERY, Individually, and as the Personal Representative of the Estate of DENNIS RAFTERY, DECEASED<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN NATIONAL RED CROSS,<br><br>Defendant. | Case No. 1:19-cv-00867-DKC |
| CARINDA RAFTERY, Individually, and as the Personal Representative of the Estate of DENNIS RAFTERY, DECEASED<br><br>Plaintiffs,<br><br>v.<br><br>THE JOHNS HOPKINS HOSPITAL, et al.<br><br>Defendant. | Case No. 1:19-cv-00869-GLR |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION**

Defendant, The American National Red Cross ("Red Cross"), moves this Court to consolidate *Carinda Raftery, et al. v. The American National Red Cross*, Case No. 1:19-cv-00867-DKC (the "Red Cross Action"), with *Carinda Raftery, et al. v. The Johns Hopkins Hospital, et al*, Case No. 1:19-cv-00869-GLR (the "Johns Hopkins Action") (collectively, "The Actions"). The Actions involve common questions of law and fact, and consolidation would eliminate the risk of inconsistent adjudications, reduce the burden on the parties, witnesses, and judiciary, and avoid prejudice and delay. This Court should, therefore, consolidate The Actions.

## Introduction

On February 8, 2019, Plaintiffs filed the Red Cross Action in the Circuit Court for Baltimore City, Maryland, alleging that Dennis Raftery (the "Decedent") "died from transfusion transmitted sepsis." The Red Cross Action Compl., ¶ 16 (attached hereto as **Exhibit 1**). That same day, Plaintiffs filed the Johns Hopkins Action in the Health Care Alternative Dispute Resolution Office of Maryland, alleging the exact same thing: the Decedent "died from transfusion transmitted sepsis." The Johns Hopkins Action Statement of Claim, ¶ 20 (attached hereto as **Exhibit 2**). The remaining allegations as to the Red Cross are virtually identical.

In The Actions, Plaintiffs allege that the Red Cross collected "blood product" in Maryland, shipped the blood product to The Johns Hopkins Hospital ("Johns Hopkins"), and that the "blood platelets" were infused into the Decedent on February 15, 2016. *Compare* **Ex. 1** at ¶¶ 9, 13, 14 *with* **Ex. 2** at 10, 14, 18. "Blood cultures and a gram stain from the residual donor platelet transfusion . . . came back positive for gram negative bacilli, or E. Coli." *Compare* **Ex. 1** at ¶ 15 *with* **Exhibit 2** at ¶ 19. Plaintiffs further claim that Johns Hopkins "concluded that it was 'likely' that [the Decedent's] condition and sepsis was caused by the transfusion" and that the Red Cross's Medical Director, Dr. Patricia Bunker, determined that "'this is a highly probable cause of transfusion-transmitted sepsis.'" *Compare* **Ex. 1** at ¶¶ 17, 18 *with* **Exhibit 2** at ¶¶ 21, 22. As a result, Plaintiffs brought three counts against the Red Cross, two negligence-based survival actions and one count for wrongful death. *Compare* **Ex. 1** *with* **Ex. 2**.[1] Plaintiffs allege the Red Cross was negligent in five ways: (1) failing to screen the donor appropriately; (2) failing to store

---

[1] Plaintiffs bring one count entitled "Negligence" and one entitled "Res-Ipsa." Res ipsa, of course, is not a separate cause of action, but rather, an inference a plaintiff may be entitled to use to "establish a prima facie case of negligence when direct evidence of the cause of the accident is unavailable and the circumstantial evidence permits the drawing of an inference by the fact-finder that the defendant's negligence was the cause." *Dist. of Columbia v. Singleton*, 425 Md. 398, 407, 41 A.3d 717, 722 (2012).

and handle the blood product appropriately; (3) failing to use sterile techniques appropriately; (4) failing to test the blood product appropriately; and (5) being "otherwise negligent and careless." *Compare* **Ex. 1** at ¶ 22 *with* **Ex. 2** at ¶ 26.  In the Johns Hopkins Action, Plaintiffs also allege the Red Cross failed to conduct an appropriate physical examination of the donor.  **Ex. 2** at ¶ 26.

The Johns Hopkins Action adds factual detail related to Johns Hopkins.  Specifically, Plaintiffs add that Johns Hopkins "makes sure that donated blood, or blood products, are safe before they are used in blood transfusions and other medical procedures.  Blood banking includes typing the blood for transfusion and testing for infectious diseases."  **Ex. 2** at ¶ 16. Otherwise, the Johns Hopkins Action raises the same counts against Johns Hopkins as it does against the Red Cross, but also alleges that Johns Hopkins was negligent in (1) failing to store and handle the blood product appropriately; (2) failing to use sterile techniques appropriately; (3) failing to test the blood product appropriately; and (4) being "otherwise negligent and careless." *Id.* at ¶ 27.  While the Red Cross Action claims that the Red Cross's "negligence was a proximate cause of [the Decedent's] injuries, damages, and death," **Ex. 1** at ¶ 24, the Johns Hopkins Action alleges that Johns Hopkins and the Red Cross's "negligence was a proximate cause of [the Decedent's] injuries, damages, and death." **Ex. 2** at  ¶ 30.

<u>**Argument and Citation to Authority**</u>

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  As this Court has observed, it is "vested with 'broad discretion to decide whether consolidation under Rule 42(a) would be desirable.'" *Antoine v. Amick Farms, LLC*, Civil Action No. ELH-16-2444, Civil Action No. ELH-16-2938, 2017 WL 68646, at *10

(D. Md. Jan. 6, 2017) (citations omitted).  The court must "'weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge.'"  *Id.* (citations omitted).  In other words, the court must decide "'whether the specific risks of prejudice and possible confusion' from consolidation '[are] overborne by the risk of inconsistent adjudications ..., the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'"  *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (citations excluded).

Such considerations necessitate consolidation here.  The Actions contain the same primary factual contention: the Decedent "died from transfusion transmitted sepsis" after Johns Hopkins performed a transfusion using blood platelets obtained from the Red Cross.  *Compare* **Ex. 1** at ¶¶ 13, 14, 16 *with* **Ex. 2** at ¶¶ 14, 18, 20.  The Actions allege negligence based on the improper storage and handling of the same blood product, improper use of sterile techniques, and improper testing of the same blood product.  *Compare* **Ex. 1** at ¶ 22 *with* **Ex. 2** at ¶¶ 26, 27.  The Actions will require Plaintiffs to prove that the same facts allow for recovery under the same law, at least as to the Red Cross.  The Actions are nearly identical and amount to the same cause of action against the Red Cross.

Moreover, the benefits of consolidation outweigh any potential risks.  The witnesses, documents, and counsel will ultimately be the same in The Actions, and consolidating The Actions will reduce the expense on all involved persons and the judicial system.  Consolidation will also eliminate the risk of inconsistent adjudications, and will prevent the Red Cross from

litigating the same case before two different fact finders.  Simply, The Actions should be one lawsuit, and consolidating them is the proper recourse.

      Accordingly, the Red Cross moves this Court to consolidate The Actions.

Dated:  March 26, 2019                    /s/ M. Natalie McSherry
                                                  M. Natalie McSherry (Bar No. 00144)
                                                  Amy E. Askew (Bar No. 26709)
                                                  KRAMON & GRAHAM, P.A.
                                                  One South Street, Suite 2600
                                                  Baltimore, Maryland  21202
                                                  Telephone: (410)-752-6030
                                                  Fax:  (410)-539-1269
                                                  nmcsherry@kg-law.com
                                                  aaskew@kg-law.com

                                                  *Attorneys for The American National Red Cross*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2019, a copy of the foregoing Memorandum in Support of Motion for Consolidation was served electronically on all parties receiving service via CM/ECF in this case, and by First Class Mail on:

>Paul D. Bekman, Esquire
>Aaron L. Moore, Esquire
>BEKMAN, MARDER & ADKINS, LLC
>300 West Pratt Street, Suite 450
>Baltimore, Maryland  21201
>
>*Attorneys for Plaintiffs*

/s/ M. Natalie McSherry
M. Natalie McSherry